United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 19-16959-jkf
Daniel J. Costello, Jr.                                            Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey           Page 1 of 1           Date Rcvd: Mar 27, 2020
                             Form ID: pdf900         Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 29, 2020.
db              +Daniel J. Costello, Jr.,    58 Village Lane,   Levittown, PA 19054-1212

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Mar 28 2020 03:51:48    City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 28 2020 03:51:26
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 28 2020 03:51:46    U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                             TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 29, 2020                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 27, 2020 at the address(es) listed below:
              JON M. ADELSTEIN    on behalf of Debtor Daniel J. Costello, Jr. jadelstein@adelsteinkaliner.com,
               jsbamford@adelsteinkaliner.com
              REBECCA ANN SOLARZ    on behalf of Creditor   Nationstar Mortgage LLC D/B/A Mr. Cooper
               bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                             TOTAL: 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daniel J. Costello Jr. aka Daniel Costello aka Danny Costello | CHAPTER 13 |
|      Debtor | |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER | NO. 19-16959 JKF |
|      Movant | |
|    vs. | |
| Daniel J. Costello Jr. aka Daniel Costello aka Danny Costello | 11 U.S.C. Sections 362 and 1301 |
|      Debtor | |
| Joelle Strickland | |
|      Co-Debtor | |
| Scott F. Waterman, Esquire | |
|      Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,554.76** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to March 2020 at $1,380.94/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,554.76** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 1, 2020  and continuing through September 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,380.94** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,092.46** towards the arrearages on or before the last day of each month at the address below;

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
P.O. BOX 619094
DALLAS, TEXAS 75261-9741

b).      Maintenance  of  current  monthly  mortgage  payments  to  the  Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    March 2, 2020                     By: /s/ Rebecca A. Solarz, Esquire
                                               Attorney for Movant


Date: 3/25/2020                            _____
                                           Jon M. Adelstein, Esquire
                                           Attorney for Debtors


Date: _____March 26, 2020_____        /s/ Polly A. Langdon, Esquire, for

                                           Scott F. Waterman, Esquire
                                           Chapter 13 Trustee


Approved by the Court this day of March 27, 2020.  However, the court retains discretion regarding entry of any further order.

                                           Jean K. FitzSimon